**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**BRANDON VALERIUS (01),**<br><br>Defendant. | Case No. 17-40079-01-DDC |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant Brandon Valerius's pro se[1] Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 115). Mr. Valerius requests the court appoint counsel to assist him in filing his Motion for Compassionate Release. Doc. 115 at 6. The government filed a Response. Doc. 117. And Mr. Valerius filed a Reply. Doc. 118. For reasons explained below, the court dismisses the motion for lack of subject matter jurisdiction and denies Mr. Valerius's request for counsel.

**I.    Background**

On August 23, 2017, a grand jury returned an Indictment charging Mr. Valerius with conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. Doc. 1 at

---

[1] Because Mr. Valerius filed the current motion pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not become an advocate for the pro se party. *Id.* Likewise, Mr. Valerius's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

1–2.  Mr. Valerius pleaded guilty to conspiracy to distribute more than 50 grams of methamphetamine, violating 21 U.S.C. § 841(a)(1).  Doc. 59 at 1.  Mr. Valerius's Presentence Investigation Report ("PSR") calculated his sentencing guidelines range as 188 to 235 months' imprisonment.  Doc. 87 at 30 (PSR ¶ 158).  On June 11, 2018, the court sentenced Mr. Valerius to 168 months' imprisonment and five years' supervised release.  Doc. 96.

## II.     Request to Appoint Counsel

Mr. Valerius asks the court to appoint counsel to assist filing his Motion for Compassionate Release.  Doc. 115 at 6.  Mr. Valerius's Motion for Compassionate Release asks the court to reduce his sentence to time served because his health conditions present an extraordinary and compelling reason during the COVID-19 pandemic under § 3582(c)(1)(A).  *See* Doc. 115.

Under the District of Kansas's Administrative Order 2020-8, motions for compassionate release because of COVID-19 are referred to the Federal Public Defender's ("FPD") office for review to determine whether the FPD will enter an appearance on behalf of the moving party.[2]  The FPD has not entered an appearance in this case nor has it notified the court that it intends to enter an appearance in the case on Mr. Valerius's behalf.

"There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]"  *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) ("No right to counsel extends to a § 3582(c)(2) motion.").  When exercising its "broad discretion" to decide whether to appoint

---

[2] *In re: Order Establishing Protocol to Further Implement Standing Order 19-1 for Representation of Defendants Seeking Compassionate Release Due to COVID-19 Under Section 603(b) of the First Step Act,* Administrative Order 2020-8, at ¶ 7 (D. Kan. May 27, 2020), http://ksd.uscourts.gov/index.php/local-rule/no-20-8-order-establishing-protocol-to-further-implement-standing-order-19-1-for-representation-of-defendants-seeking-compassionate-release-due-to-covid-19-under-section-603b-of-the-first-step-ac/

counsel to an indigent litigant, the district court "should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

Applying the above factors, the court concludes Mr. Valerius does not deserve appointed counsel for his current endeavor. As explained below, Mr. Valerius's motion lacks merit. And, Mr. Valerius's motion is not legally or factually complex. He adequately has presented his claim with his motion. So, the court denies Mr. Valerius's request to appoint counsel.

### III.     Legal Standard for Compassionate Release

"'Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]'" *United States v. James*, 728 F. App'x 818, 822 (10th Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The Tenth Circuit "has held that 'a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'" *United States v. Poutre*, ___ F. App'x ___, 2021 WL 271948, at *1 (10th Cir. Jan. 27, 2021) (quoting *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (brackets omitted)). *See also United States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) ("Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request." (second alteration in original, citations and internal quotation marks omitted)).

Section 3582(c) of Title 18 announces a general rule that the "court may not modify a term of imprisonment once it has been imposed[.]" But the statute also recognizes certain exceptions. Even after it has imposed a term of imprisonment, the sentencing court may modify

that term "upon motion of the defendant after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). "Under that statute, a district court may reduce a sentence if, after considering any applicable sentencing factors in 18 U.S.C. § 3553, it finds 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Haynes*, 827 F. App'x 892, 895 (10th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "'Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request.'" *Poutre*, 2021 WL 271948, at *1 (quoting *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009)). "[Tenth Circuit] cases thus require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction." *Id.* (first citing *White*, 765 F.3d at 1250; then citing *United States v. C.D.*, 848 F.3d 1286, 1291 (10th Cir. 2017)).

Where a defendant moving under § 3582(c)(1)(A)(i) fails to show that he satisfies *any* of the statute's requirements, the court must dismiss the motion for lack of jurisdiction. *See Poutre*, 2021 WL 271948, at *1; *Saldana*, 807 F. App'x at 820.

### IV.     Compassionate Release Discussion

#### A.     Exhaustion or Lapse Under 18 U.S.C. § 3582(c)(1)(A)

An inmate seeking compassionate release under § 3582(c)(1)(A) must first "request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies." *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) (citations omitted); *see also* 18 U.S.C. § 3582(c)(1)(A). The court properly may consider a defendant's

4

motion under § 3582(c)(1)(A) filed after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" 18 U.S.C. § 3582(c)(1)(A). "In other words, if a warden lets 30 days pass without responding to an inmate's request under § 3582(c)(1)(A), the inmate may proceed directly to file a motion with the court who imposed the prison term." *United States v. Harris*, No. 15-40054-01-DDC, 2020 WL 7122430, at *3 (D. Kan. Dec. 4, 2020) (discussing competing readings of "the lapse of 30 days"). But "if the warden responds to a request within 30 days, defendant must fully exhaust available administrative appeals before filing a motion in district court." *United States v. McIntosh*, No. CR 11-20085-01-KHV, 2020 WL 5747921, at *2 (D. Kan. Sept. 25, 2020), *reconsideration denied*, No. CR 11-20085-01-KHV, 2020 WL 6270918 (D. Kan. Oct. 26, 2020) (citations omitted).

Mr. Valerius submitted his request for compassionate release to the warden on July 30, 2020, and he asserts he never received a response. Docs. 115 at 3, 115-1 at 1. Mr. Valerius submitted his motion for compassionate release to the court on October 28, 2020—more than thirty days after submitting his request to the warden. Doc. 115 at 12. The government agrees that Mr. Valerius satisfies the lapse requirement. *See* Doc. 117 at 8 n.5 ("As 30 days have passed since July 30, 2020, without a response by the Warden at Forrest City, this Court is authorized to address the defendant's motion for compassionate release."). The court finds that more than 30 days passed without a response from the warden after Mr. Valerius submitted his request. So, Mr. Valerius has met 18 U.S.C. § 3582(c)(1)(A)'s lapse requirement.

### B.      **Extraordinary and Compelling Circumstances**

Mr. Valerius asserts multiple health conditions including sleep apnea, poor circulation in one leg, high blood pressure, obesity, and a previous COVID-19 diagnosis. Doc. 115 at 5. Mr.

Valerius contends these medical conditions qualify as extraordinary and compelling circumstances during the COVID-19 pandemic. *Id.*

The government concedes Mr. Valerius asserts a medical condition—obesity—that qualifies as an extraordinary and compelling circumstance during the COVID-19 pandemic under § 3582(c)(1)(A) given "CDC and/or DOJ guidelines[.]" Doc. 117 at 16–17. "[T]he defendant stands at 6'1" and weigh[s] approximately 265 pounds, resulting in a BMI of 35.0." *Id.* The CDC designates obesity, a BMI over 30, as a medical condition that puts individuals at increased risk for severe illness from COVID-19. *See* CDC, People with Certain Medical Conditions (updated Feb. 3, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 4, 2021) ("Adults of any age with the following conditions **are at increased risk** of severe illness from the virus that causes COVID-19: . . . Obesity (body mass index [BMI] of 30 kg/m$^2$ or higher but < 40 kg/m$^2$)").

Satisfied that extraordinary and compelling reasons exist, the court next considers whether the relevant sentencing factors under 18 U.S.C. § 3553(a) warrant the sentence modification Mr. Valerius requests.

### C.     Sentencing Factors of 18 U.S.C. § 3553(a)[3]

---

[3]     The relevant sentencing factors the court considers are:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the offense committed; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

The government opposes Mr. Valerius's motion because, it argues, § 3553(a)'s sentencing factors disfavor his request.  Doc. 117 at 18.[4]  The government asserts that "a reduction to time-served would run counter relative to the nature and seriousness of his offense and the need for his sentence to provide just punishment and otherwise promote respect for the law."  *Id.*; *see also* 18 U.S.C. § 3553(a)(1)–(2)(A).

The court may "reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction[.]"  18 U.S.C. § 3582(c)(1)(A)(i).  If the court determines extraordinary and compelling reasons exist, then the court analyzes whether its analysis of § 3553(a)'s factors have shifted enough that "an authorized reduction is in fact *warranted*."  *See White*, 765 F.3d at 1245 (analyzing § 3582(c)(2)'s identical language requiring the court to "consider[] the factors set forth in section 3553(a) to the extent they are applicable" before granting a requested sentence modification); *see also United States v. Johnson*, No. 15-40064-01-DDC, 2020 WL 5981676, at *5–6 (D. Kan. Oct. 8, 2020) (discussing § 3553(a) and the required shift in the court's § 3553(a) analysis to warrant the requested sentence modification); *cf. United States v. Cumins*, ___ F. App'x ___, 2021 WL 162339, at *2 (10th Cir. Jan. 19, 2021) (affirming denial of compassionate release after district court determined "the statutory sentencing factors would weigh against early release" and finding "[t]his reasoning fell within the realm of discretion afforded to the district court").

If a proposed modified sentence strays too far from the original sentence, the § 3553(a) factors cannot support the sentence reduction, even where a defendant faces extraordinary and

---

[4]   The government does not argue Mr. Valerius poses a direct and immediate danger to society at large.  *See* Doc. 117.

compelling circumstances. *See United States v. Pope*, No. 16-10039-JTM, 2020 WL 5704270, at *1 (D. Kan. Sept. 24, 2020) ("This court has concluded that compassionate release based on COVID-19 related concerns should be denied where the resulting sentence would materially depart from an appropriate § 3553(a) sentence" (citations omitted)); *United States v. Kaufman*, No. 04-40141-1-JTM, 2020 WL 4196467, at *2 (D. Kan. July 21, 2020) ("Even when an older inmate faces some serious medical condition, compassionate release should be denied if it would radically alter the appropriate § 3553 sentence." (citations omitted)); *cf. United States v. Edwards*, No. 17-40093-01-DDC, 2020 WL 7263880, at *3 (D. Kan. Dec. 10, 2020) (granting motion under § 3582(c)(1)(A) where defendant served nearly 95% of his sentence and already had transferred to a residential reentry center).

Here, Mr. Valerius is set to complete his term of imprisonment on July 9, 2030. *See* Brandon J. Valerius, Reg. No. 14254-031, https://www.bop.gov/inmateloc/ (last visited Jan. 29, 2021). So, roughly 113 months—or 67%—of his 168-months term of imprisonment remains. He asks the court to modify his sentence by reducing his term of imprisonment to time served or impose a term of supervised release. Doc. 118 at 4. To grant this request would reduce the severity of Mr. Valerius's sentence significantly.

The court recognizes the COVID-19 pandemic may increase the severity of Mr. Valerius's sentence beyond what it considered during his June 2018 sentencing. Mr. Valerius argues he suffers from "a particularized threat to his health because of the likelihood of reinfection at the prison he is housed in." *Id.* at 3. And, he argues, the court did not "sentence him to the cruel sentence he is currently serving." *Id.*

Given Mr. Valerius's incarceration and health condition during the COVID-19 pandemic, the court's assessment of various factors under § 3553(a) have shifted. The court concludes that

8

several sentencing factors favor a lesser sentence today than when our court considered them during Mr. Valerius's June 2018 sentencing. But those factors have not shifted far enough for the court to conclude that the pertinent § 3553(a) factors—*in aggregate*—justify the modified sentence that Mr. Valerius seeks. The court notes that Mr. Valerius's criminal history includes two other federal narcotics convictions. Doc. 87 at 23, 25 (PSR ¶¶ 117, 120). And, the government attaches Mr. Valerius's disciplinary report which lists three incidents while in BOP custody—including two drug violations within the last year. Doc. 117-1 at 1. Reducing Mr. Valerius's sentence to time served would no longer reflect the history and characteristics of the defendant nor provide adequate deterrence to criminal conduct. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B).

The court concludes that the modified sentence that Mr. Valerius requests fails to reflect the applicable sentencing factors and would not comply with the purposes that § 3553(a) lists. Thus, modifying the imposed term of imprisonment is not warranted under § 3582(c)(1)(A). Since Mr. Valerius's motion fails to satisfy the statutory requirements, the court lacks subject matter jurisdiction and must dismiss the motion. *See Saldana*, 807 F. App'x at 819.

## V.     Conclusion

Mr. Valerius asks the court to modify his sentence by reducing his term of imprisonment to time served and adding a term of home confinement to his supervised release. While the risks his medical conditions present to him while incarcerated during the COVID-19 pandemic do alter the court's analysis of certain sentencing factors under § 3553(a) to some extent, the shift is insufficient to permit the court to conclude that Mr. Valerius's extraordinary and compelling reasons warrant the sentencing modification he seeks. So, § 3582(c)(1)(A) does not permit the

court to modify Mr. Valerius's sentence.  The court must dismiss the motion for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Valerius's Motion for Compassionate Release (Doc. 115) is dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED THAT** Mr. Valerius's request for appointment of counsel is denied.

**IT IS SO ORDERED.**

Dated this 11th day of February, 2021, at Kansas City, Kansas.

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
